IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00161-BNB

JERRY BLAIR,

Plaintiff,

v.

ARISTEDES ZAVARAS, and
GEORGE DUNBAR,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 09 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jerry Blair, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Blair has filed *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Blair is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Blair will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and finds that it is deficient because Mr. Blair fails to identify clearly the specific legal rights that allegedly have been violated and he fails to allege facts that demonstrate how each Defendant personally participated in the asserted constitutional violations. The primary problem is that Mr. Blair apparently seeks to hold the named Defendants liable for the acts of other

prison officials, and he may not do so. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Blair must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant who is a supervisory official may not be held vicariously liable for the acts of his subordinates on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

In addition, Mr. Blair fails to identify the specific legal rights that allegedly have been violated in connection with each claim. The court construes Mr. Blair's first claim, in which he alleges that he has been exposed repeatedly to dangerous and unhealthy prison conditions, as an Eighth Amendment claim. It appears that Mr. Blair's third claim, in which he describes a number of incidents in which his personal property has been lost or stolen, is a due process claim. However, although Mr. Blair describes his second claim as a due process claim, it is not clear how he believes his due process rights have been violated in connection with the allegations presented in his second claim.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux*

*& Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Blair "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

For these reasons, Mr. Blair will be ordered to file an amended complaint that clarifies the claims he is asserting and that includes allegations of personal participation by each named Defendant if he wishes to pursue his claims in this action. Accordingly, it is

ORDERED that Mr. Blair file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Blair, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Blair fails to file an amended complaint that complies with this order within the time allowed the complaint will be dismissed without further notice.

DATED March 9, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00161-BNB

Jerry Blair
Prisoner No. 132644
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/9/10

GREGORY C. LANGHAM, CLERK

By _____
      Deputy Clerk